• Green, J.
delivered the opinion of the court.
This is a motion before a justice of the peace against the sheriff of Bradley county, for the non-return of an execution by his deputy. The justice gave judgment for the plaintiff, and the defendant appealed to the Circuit Court; a plea in *21 abatement was filed in the Circuit Court, to which there was replication and issue. The jury found the issue against the plea, and the court submitted the matter of eontrovery to a jury, who found for the plaintiff; whereupon the court pronounced judgment.
It appeared in evidence that the plaintiff had placed in the hands of the deputy sheriff a note on one Wells for collection, and took a receipt therefor. A judgment was obtained on the note, and an execution was taken out by the deputy sheriff, and, together with other executions, was levied on the property of Wells. One of the plaintiffs, together with the other creditors, agreed that the sale might be postponed; which was done, and the deputy sheriff failed to return the execution to the justice within the thirty days allowed by law; for which cause this motion was made against the principal sheriff. On one occasion, one of the plaintiffs said they had transferred the judgment on Wells to McClung & French, but they had the officer’s receipt in their possession at the time this motion was made.
1st. It is now insisted that the agreement to postpone the sale was such an interference with the official duties of the sheriff, that the plaintiffs had no right to insist upon a striet compliance with the law in the return of the execution.— We do not think the agreement to postpone the sale excused the officer for the non-performance of his duty in the return of the execution. It is not like the case in 7 Yerg., R. 472, referred to. When that case occurred, the return of a justice’s execution was required only for the purpose of protecting the officer from the plaintiff’s motion. The execution did not lose its vitality by the nón-return, but might be held up and levied at any time subsequently. But by the act of 1835 the officer is required to return a justice’s execution in thirty days. If it be not returned; it becomes functus officio. It will not authorize a levy after the thirty days. It is indispensable that it be returned that an alias may issue, in order to subsequent proceedings. Not so when the case in 7 Yerg. occurred. If proceedings were postponed, the execution still in the hands of the officer was valid, and might be proceeded with at pleasure. We think, therefore, that *22 the agreement of the party that the sale be postponed did not at all excuse the officer for failing to return the execution. The plaintiff did not interfere with that duty; and the law made It peremptory that he should perform it. Whether it is a hard case upon the sheriff, can form no part of our investigation. If an execution be placed in the hands of the sheriff against an insolvent defendant, which he fails, to return, it may be a hard case to compel him to pay the amount of the execution to the plaintiff for the non-return; but the law is so written, and the court has no power to refuse a judgment when demanded in such case.
2nd. It is insisted the motion should not have been made in the name of the plaintiffs, because they had transferred the judgment to McClung & French. But this objection is not well taken, because the legal title is still in the plaintiffs. McClung & French, by the transfer; obtaining only an equitable right to receive the proceeds, and, therefore, not entitled to move against the sheriff in their own name. Besides, it appears from the proof that the plaintiffs produced the officer’s receipt on the trial of this cause, thus furnishing presumptive evidence that they had obtained a re-transfer of this judgment from McClung & French. In which case their right would stand as though no transfer had ever been made.
3rd. But, it is said, the plaintiffs took from the deputy she-. riff a receipt for the note in this case, and that he was thereby constituted their agent, and should have been sued as such. It is true the deputy sheriff was agent for the plaintiffs, and for any negligence in failing to sue on the note, or to take out execution, or any other unofficial act, he would be answerable in an action. But because he became agent in relation to these unofficial acts, he did not cease to be an officer, liable to perform all the duties, and subject to all the responsibilities for his official acts, that would have devolved on him had he not been agent. In this case, there was no necessity or propriety in submitting the matter of this motion to a jury. The proof should have been heard by the court, and the facts, constituting the grounds of the motion, should have been recited in the judgment, as having appeared to the court. The *23 fact that the cause commenced, by motion, before the justice of the peace, should not have changed the method of hearing the cause and rendering judgment, from that which would have been adopted had the cause commenced in the Circuit Court. But although the facts are not recited in the judgment, they are set out in the bill of exceptions; from which we can see the court had jurisdiction. We therefore affirm the judgment.